IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESMOND MCCARTY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 23-cv-01100 ) |
| CPD OFFICER BRODERICK JONES, STAR NO. 17432 CPD OFFICER COREY FLAGG, STAR NO. 9386, CPD SUPERINTENDENT TERRY G. HILLARD, CPD SUPERINTENDENT MATT L. RODRIGUEZ, CPD SUPERINTENDENT PHILIP J. CLINE, CITY OF CHICAGO, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

Plaintiff, DESMOND MCCARTY, for his complaint against Defendants Jones, Flagg, the City of Chicago, and Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline, states as follows:

**INTRODUCTION**

1. This is an action for money damages, declaratory and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and under the laws of the State of Illinois against Defendant Officers Jones and Flagg, in their individual and official capacities, and Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline of the Chicago Police Department, in official official capacities.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction of Plaintiff's cause of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court of the Northern District of Illinois because at least one of the defendants resides in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Chicago, Illinois. 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

**PARTIES**

4. Plaintiff Desmond McCarty is an adult citizen and resides at 5228 S. Michigan Ave., Chicago, Illinois.

5. Defendant Officers Jones and Flagg were Police Officers with the Chicago Police Department. They are sued in their individual and official capacities.

6. Defendant Hilliard is a past Superintendent of Police of the Chicago Police Department. He was the Superintendent of Police at the time the incidents in question occurred. He is sued in his official capacity.

7. Defendant Rodriguez is a past Superintendent of Police of the Chicago Police Department. He was the Superintendent of Police at the time Defendant Flagg was hired. He is sued in his official capacity.

8. Defendant Cline is a past Superintendent of Police of the Chicago Police

Department. He was the Superintendent of Police during the time Defendant Flagg was engaged in his criminal activities and did nothing about it. He is sued in his official capacity.

## BACKGROUND

2. On September 5, 2000, plaintiff, Desmond McCarty was arrested by former CPD Officer Broderick Jones, Star No. 17432 and former CPD Officer Corey Flagg, Star No. 9386 and subsequently charged by indictment in January 2001 with Possession of Controlled Substance with Intent to Deliver in violation of 720 ILCS 570/401(c)(2) in Case No. 01-CR-03234-01.

3. On July 17, 2001, in Case No. 01-CR-03234-01, plaintiff, Desmond McCarty, plead guilty to a lesser included offense and was sentenced that same day by Cook County Circuit Judge James D. Egan to a term of probation.

4. Subsequently, on December 21, 2003, in case No. 01-CR-03234-01, plaintiff, Desmond McCarty, was found guilty of a Violation of Probation and was sentenced to four years in the Illinois Department of Corrections by the Honorable James D. Egan.

5. Unbeknownst to plaintiff, on or about January 26, 2005, former CPD Officer Broderick Jones was federally indicted in the United States District Court, Northern District of Illinois, Eastern Division in Case Number 05-CR-70-1 and charged with one count of conspiring to conduct the affairs of the enterprise, namely, the Chicago Police Department, through a pattern of racketeering activity, in violation of 18 U.S.C. Section 1962 (Count One); one count of conspiring to distribute and to possess with intent to distribute controlled substances, namely 5 kilograms or more of mixtures containing

cocaine and quantities of marijuana, in violation of 21 U.S.C. Section 846 (Count Two); one count of conspiring to commit robbery and extortion affecting commerce, in violation of 21 U.S.C. Section 1951 (Count Three); three counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. Section 841(a)(1) (Counts Four, Ten and Fourteen); two counts of attempting to possess with intent to distribute controlled substances, in violation of 21 U.S.C. Section 846 (Counts Seven and Twelve); three counts of committing and attempting to commit robbery and extortion affecting commerce, in violation of 18 U.S.C. Section 1951 (Counts Five, Eight and Fifteen); and five counts of possessing, using, carrying, and brandishing a firearm in furtherance of drug trafficking crimes and crimes of violence, in violation of 18 U.S.C. Section 924(c) (Counts Six, Nine, Eleven, Thirteen and Sixteen).

6. On August 21, 2006, former CPD Officer Broderick Jones entered a written Plea Agreement to Counts One, Two and Sixteen.

7. On or about January 26, 2005, former CPD Officer Corey Flagg was federally indicted in the United States District Court, Northern District of Illinois, Eastern Division in Case Number 05-CR-70-2 and subsequently plead guilty to one count of conspiracy to distribute and to possess with the intent to distribute controlled substances, namely 5 kilograms or more of mixtures containing cocaine and quantities of marijuana, in violation of Title 21, U.S.C. Section 846, and one count of possessing, using, carrying, and brandishing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. Section 924(c)(1)(A).

8. Former CPD Officer Jones and former CPD Officer Flagg participated in a

persistent pattern of police misconduct from 1991 to 2005 terrorizing entire neighborhoods with threats that included planting drugs and/or weapons on individuals to have them arrested if they did not receive cash or tips to further their criminal enterprise.

9. Plaintiff, Desmond McCarty, was a victim of former CPD Officer Jones' and former CPD Officer Flagg's misconduct when he was arrested on September 5, 2000 and subsequently convicted for a crime he did not commit in Case No. 01-CR-03234-01.

10. On December 21, 2017, upon motion of the Cook County State's Attorney Conviction Integrity Unit, plaintiff, Desmond McCarty's conviction and sentence in case number 01-CR-03234-01 were vacated and the charge was *nolle prosequi*. All charges were dismissed.

11. On August 4, 2011, plaintiff, Desmond McCarty was charged in Case No. 11-CR#12572-01, by information with two counts of Unlawful Use or Possession of a Weapon by a Felon in violation of 720 ILCS 5/24-1.1(a), two counts of Aggravated Unlawful Use of a Weapon in violation of 720 ILCS 5/24-1.6(a)(1) and two counts of Aggravated Unlawful Use of a Weapon in violation of 720 ILCS 5/24-1.6(a)(2).

12. The predicate offense and only available predicate offense for the charges Case No. 11-CR-12572-01 is plaintiff's conviction in Case No. 01-CR-03234-01.

13. On August 26, 2011, plaintiff was convicted of one count of Unlawful Use or Possession of a Weapon by a Felon, pursuant to 720 ILCS 5/24-1.1(a). He received a sentence of three years in the Illinois Department of Corrections.

14. On June 1, 2016, in this case, Case No. 14-CR-08012-01, plaintiff was convicted

of Count 1, for the offense of Armed Habitual Criminal in violation of 720 ILCS 5/24-1.1(a), predicated upon Case No. 01-CR-03234-01 and 11-CR-12572-01 and Count 2, for the offense of Unlawful Use or Possession of a Weapon By a Felon in violation of 720 ILCS 5/24-1.1(a), predicated upon case number 11-CR-12572-01 and sentenced to 12 years Illinois Department of Corrections on Count 1. Count 2 merged with Count 1.

15. With the dismissal of all charges related to Case No. 01-CR-03234-01, the predicate offense for plaintiff's Armed Habitual Criminal conviction in the subsequent matter no longer existed and therefore plaintiff's conviction and sentence was vacated on December 21, 2017.

16. Despite the fact that plaintiff's conviction in 01-CR-032340-01 was vacated on December 21, 2017, the plaintiff did not learn of it until he was notified of it in a letter from Assistant Public Defender Nancy Widuch dated May 13, 2021.

17. At all relevant times, Defendants were acting under color of law and under color of authority as an employee, agent or servant of the Chicago Police Department. As a direct and proximate result of the acts of Defendants, acts that violated clearly established and well-settled Illinois and federal constitutional and statutory rights, the plaintiff suffered the following injuries and damages:

## COUNT I

*42 U.S.C. §1983 Against Defendants Jones and Flagg*

18. Plaintiff re-alleges and incorporates by reference ¶¶ 1-17.

19. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendants Jones and Flagg for violation of Plaintiff's constitutional

rights under color of law and/or color of authority when he violated his constitutional right under the Fourth Amendment of the Constitution of the United States of America to be free from unreasonable search and seizure when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, then planted drugs on him.

## COUNT II

### *42 U.S.C. §1983 Against Defendants Jones and Flagg*

20. Plaintiff re-alleges and incorporates by reference ¶¶ 1-19.

21. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendants Jones and Flagg for violation of Plaintiff's constitutional rights under color of law and/or color of authority when they violated his constitutional right under the Fourteenth Amendment of the Constitution of the United States of America to be free from wrongful arrest, false imprisonment and malicious prosecution without due process when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, planted drugs on him, took him into custody, and then prosecuted him for possession of a controlled substance.

## COUNT III

### *Failure to Intervene Against Defendant Jones*

22. Plaintiff re-alleges and incorporates by reference ¶¶ 1-21.

23. Plaintiff claims damages for the injuries set forth above against Defendant *Jones* for failing to intervene when Defendant Flagg arrested him on September 5, 2000 without probable cause, planted drugs on him, then prosecuted him for possession of a controlled substance.

## COUNT IV

*Failure to Intervene Against Defendant Flagg*

24 Plaintiff re-alleges and incorporates by reference ¶¶ 1-23.

25 Plaintiff claims damages for the injuries set forth above against Defendant Flagg for failing to intervene when Defendant *Jones* arrested him on September 5, 2000 without probable cause, planted drugs on him, then prosecuted him for possession of a controlled substance.

## COUNT V

*False Arrest Against Defendants Jones and Flagg*

26. Plaintiff re-alleges and incorporates by reference ¶¶ 1-25.

27. Plaintiff claims damages for false arrest against Defendants Jones and Flagg when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, then planted drugs on him, then prosecuted him for possession of a controlled substance.

## COUNT VI

*False Imprisonment Against Defendants Jones and Flagg*

28. Plaintiff re-alleges and incorporates by reference ¶¶ 1-27.

29. Plaintiff claims damages for false imprisonment against Defendants Jones and Flagg when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, planted drugs on him and took him into custody, then prosecuted him for possession of a controlled substance.

## COUNT VII

*Malicious Prosecution Against Defendants Jones and Flagg*

30. Plaintiff re-alleges and incorporates by reference ¶¶ 1-29.

31. Plaintiff claims damages for malicious prosecution against Defendants Jones and Flagg when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, planted drugs on him, then prosecuted him for possession of a controlled substance.

## COUNT VIII

*Intentional Infliction of Emotional Distress*

32. Plaintiff re-alleges and incorporates by reference ¶¶ 1-31.

33. Plaintiff claims damages for the intentional infliction of emotional distress against Defendants Jones and Flagg when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, planted drugs on him, then prosecuted him for possession of a controlled substance knowing he was innocent, and knowing their actions would cause emotional distress. The plaintiff suffered emotional distress because he lost his previous way of life.

## COUNT IX

*Negligent Infliction of Emotional Distress*

34. Plaintiff re-alleges and incorporates by reference ¶¶ 1-33

35. Plaintiff claims damages for the negligent infliction of emotional distress against Defendants Jones and Flagg when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, then planted drugs on him, then prosecuted him for possession of a controlled substance. The plaintiff suffered emotional distress

because he lost his previous way of life.

## COUNT X

*Monell Claim Against Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline*

36. Plaintiff re-alleges and incorporates by reference ¶¶ 1-35.

37. Plaintiff claims Monell damages against Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline *qua* the Chicago Police Department and the City of Chicago who are liable for the actions committed against Plaintiff by Defendants Jones and Flagg. Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline *qua* the Chicago Police Department and the City of Chicago employed the Defendants Jones and Flagg who committed the violations of Plaintiff's rights while acting within the scope of their employment. In particular, Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, planted drugs on him, then prosecuted him for possession of a controlled substance.

38. Prior to September 5, 2000, Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline *qua* the Chicago Police Department and the City of Chicago developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Chicago, which caused the violation of Plaintiff's rights.

39. It was the policy and/or custom of Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J.

Cline *qua* the Chicago Police Department and the City of Chicago to fail to exercise reasonable care in hiring its police officers, including Defendants Jones and Flagg, thereby failing to adequately prevent constitutional violations on the part of its police officers, in particular, Defendants Jones and Flagg. Specifically, the test used to determine the fitness of a candidate to serve as a Chicago Police Officer was inadequate to select out individuals who were prone to dishonesty, prone to flouting Chicago Police Department regulations and directives, and prone to using the power of their badges to intimidate, harass and falsely arrest and prosecute members of any non-white community. In particular, Defendants Jones and Flagg lied when they said they stopped the plaintiff with probable cause. They had none. They lied when they said they found drugs on the plaintiff after they stopped him They, in fact, planted illegal drugs on him. They flouted CPD regulations and directives when they filed reports that contained the aforementioned lies. They used the power of their badges and authority to stop and arrest a Black man who was not violating any of the state's statutes or the city's ordinances. The test used to determine the fitness of a candidate to serve as a Chicago Police Officer contained no questions to determine the honesty of the candidates, and was therefore inadequate to select out Defendants Jones and Flagg.

    40.    It was the policy and/or custom of Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline *qua* the Chicago Police Department and the City of Chicago to inadequately train and supervise its officers, including Defendants Jones and Flagg, thereby failing to adequately discourage violations on the part of Defendants Jones and Flagg. Had

Defendants Jones and Flagg been properly trained and especially properly supervised, they would not have arrested the plaintiff after they stopped him. They would not have planted illegal drugs on him. The supervision they should have gotten would have been designed to insure that they performed their duties in accordance with the training they received. They should have been supervised in such a way that the filing of false police reports, once discovered, and the unlawful detaining of non-white citizens would be disciplined severely enough to disincentivize the practice. As a point of fact, individuals who filed false police reports were often promoted and awarded accommodations.

41. As a result of the above described policies and customs, Defendants Jones and Flagg believed that their actions would not be properly monitored by supervisory personnel, and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. The above described polices and customs demonstrate a deliberate indifference on the part of Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline *qua* the Chicago Police Department and the City of Chicago to the constitutional rights of persons within the City of Chicago, and were the cause of the violations of plaintiff's rights alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants' conduct unconstitutional and in violation of Illinois state law;

C. Award Plaintiff compensatory and punitive damages against Defendants in the amount of $1,500,000.00;

D. Award Plaintiff reasonable fees and costs pursuant to applicable provisions of law;

E. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including, but not limited to, appropriate injunctive relief.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

 /s/Larry Redmond
Larry Redmond
11747 S. Longwood Dr.
Chicago, Illinois 60643
630-805-0981
Larry.redmond33@gmail.com
Attorney #6192358