UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESMOND MCCARTY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CPD OFFICER BRODERICK JONES, STAR NO. 17432) CPD OFFICER COREY FLAGG, STAR NO. 9386, CPD SUPERINTENDENT TERRY G. HILLARD, CPD SUPERINTENDENT MATT L. RODRIGUEZ, CPD SUPERINTENDENT PHILIP J. CLINE, CITY OF CHICAGO,<br><br>　　　　Defendants. | Case No. 23-cv-01100<br><br>Judge Martha M. Pacold |

## MEMORANDUM OPINION AND ORDER

Before the court is defendants' motion to dismiss, [15]. For the reasons below, the motion is granted in part and denied in part. The motion is granted with respect to the timeliness of plaintiff's § 1983 false arrest and false imprisonment claims, and with respect to the timeliness of all of plaintiff's state-law claims. The motion is denied with respect to the timeliness of plaintiff's § 1983 malicious prosecution claim, plaintiff's § 1983 failure to intervene claims, and plaintiff's *Monell* claim. All claims against Defendant Rodriguez are dismissed. The parties are directed to file a joint status report by October 21, 2024, proposing next steps in light of this ruling.

### BACKGROUND

The court draws the following facts from the complaint, drawing all reasonable inferences in plaintiff's favor. *See Deb v. SIRVA, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016); *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011).

Plaintiff Desmond McCarty was arrested by Chicago Police Officers Broderick Jones and Corey Flagg for an alleged drug crime on September 5, 2000.

[1] ¶ 2.[1]  The drugs were allegedly planted on McCarty by Officers Jones and Flagg. *Id.* at ¶ 19.  Ultimately, McCarty pled guilty to a lesser included offense and was sentenced to probation on July 17, 2001.  *Id.* ¶ 3.  Over two years later, on December 21, 2003, McCarty was found guilty of a probation violation and sentenced to four years in state prison.  *Id.* ¶ 4.

On January 26, 2005, both Officer Jones and Officer Flagg were indicted in the United States District Court for the Northern District of Illinois (Case No. 05-cr-70).  *Id.* ¶¶ 5, 7.  Jones ultimately pled guilty to one count of conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity (18 U.S.C. § 1962); one count of conspiring to distribute and to possess with intent to distribute controlled substances (21 U.S.C. § 846); and one count of possessing, using, carrying, and brandishing a firearm in furtherance of drug trafficking crimes and crimes of violence (18 U.S.C. § 924(c)).  *Id.* ¶¶ 5–6.  Flagg ultimately pled guilty to one count of conspiracy to distribute and to possess with intent to distribute a controlled substance (21 U.S.C. § 846) and one count of possessing, using, carrying, and brandishing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)).  *Id.* ¶ 7.  Both officers "participated in a persistent pattern of police misconduct from 1991 to 2005 terrorizing entire neighborhoods with threats that included planting drugs and/or weapons on individuals to have them arrested if they did not receive cash or tips to further their criminal enterprise."  *Id.* ¶ 8.  McCarty was a victim of this misconduct when he was arrested on September 5, 2000, and he was subsequently convicted for a crime he did not commit.  *Id.* ¶ 9.

On August 26, 2011, McCarty was convicted for unlawful use or possession of a weapon by a felon (720 ILCS § 5/24-1.1(a)) and was sentenced to three years in state prison.  *Id.* at ¶ 13.  The only predicate offense for this conviction was McCarty's initial conviction.  *Id.* ¶ 12.

On June 1, 2016, McCarty was convicted for violation of the Illinois Armed Habitual Criminal Act (720 ILCS § 5/24-1.7(a)), which was predicated upon his initial conviction and his 2011 conviction, and for unlawful use or possession of a weapon by a felon (720 ILCS § 5/24-1.1(a)), which was predicated upon his 2011 conviction.  *Id.* ¶ 14.  As a result, McCarty was sentenced to twelve years in state prison.  *Id.*

On December 21, 2017, on motion of the Cook County State's Attorney, McCarty's initial conviction and sentence were vacated, and the charge was *nolle prosequi*.  *Id.* ¶ 10.

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations.  Page numbers refer to the CM/ECF page number.  The paragraph numbering in the complaint is not sequential throughout; some paragraph numbers repeat.

McCarty was not informed that his initial conviction had been vacated until years later, on or around May 14, 2021, when he received a letter from Assistant Public Defender Nancy Widuch informing him so. *Id.* ¶ 16.

On February 22, 2023, McCarty filed suit in this court against Jones, Flagg, three CPD superintendents,[2] and the City of Chicago for the violation of his constitutional rights. [1]. Before the court is defendants' motion to dismiss. [15].

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all factual allegations in the complaint and draw[s] all permissible inferences in plaintiffs' favor." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018) (citation omitted). "To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 365–66 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 366 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court "need not accept legal conclusions or conclusory allegations." *Khan v. OneWest Bank, F.S.B.*, 16-cv-8074, 2017 WL 1344535, at * 3 (N.D. Ill. Apr. 12, 2017) (citing *Iqbal*, 556 U.S. at 680–82). Dismissal is appropriate where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

"Although the statute of limitations is ordinarily an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is *indisputably time-barred* . . . ." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (emphasis added) (citing *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000)). "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). However, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Id.* at 674–75 (citing *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)).

---

[2] One of the superintendents, Matt L. Rodriguez, passed away on August 30, 2023. [21]. Two weeks later, his counsel filed a notice of suggestion of death. *Id.* Counsel also filed a proper certificate of service of the notice of suggestion of death. *Id.* at 2; *see* Fed. R. Civ. P. 25(a)(3). Because McCarty did not file a motion for substitution within 90 days after service, the claims against Rodriguez are dismissed. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). The claims against other defendants may proceed to the extent that they are not dismissed elsewhere in this order. *See* Fed. R. Civ. P. 25(a)(2).

## DISCUSSION

### I. Federal Claims

#### A. Section 1983 False Arrest and False Imprisonment Claims[3]

In a § 1983 suit, a court applies the statute of limitations for personal injury torts in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, the statute of limitations for personal injuries is two years. 735 ILCS § 5/13-202; *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). For a claim of false arrest or false imprisonment under § 1983, the statute of limitations starts to run when legal process is initiated. *Wallace*, 549 U.S. at 391.

Here, it is unclear from the complaint exactly when legal process was initiated. However, even if the court assumes that legal process was initiated on the last possible day, the day of plaintiff's sentencing in January 2001, that would mean that the statute of limitations ended two years after, in January 2003. Plaintiff filed this lawsuit on February 22, 2023, which was far too late. Accordingly, the court dismisses the false arrest and false imprisonment claims in Counts I and II.

Plaintiff argues that *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018), established that "the wrong is the detention rather than the existence of criminal charges" which means that "the period of limitations also should depend on the dates of the detention." [22] at 2 (quoting *Manuel*, 903 F.3d at 670). He argues that

---

[3] Count I of plaintiff's complaint is titled "42 U.S.C. §1983 Against Defendants Jones and Flagg," [1] at 6, and subsequent paragraphs assert that the officers "violated his constitutional right under the Fourth Amendment of the Constitution of the United States of America to be free from unreasonable search and seizure when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, then planted drugs on him." *Id.* ¶ 19. Count II of plaintiff's complaint is also titled "42 U.S.C. §1983 Against Defendants Jones and Flagg." *Id.* at 7. In subsequent paragraphs plaintiff alleges that his rights under the Fourteenth Amendment "to be free from wrongful arrest, false imprisonment, and malicious prosecution without due process" were violated "when Defendants Jones and Flagg arrested him . . . without probable cause, planted drugs on him, took him into custody, and then prosecuted him for possession of a controlled substance." *Id.* ¶ 21. Defendants argue that Count II should be dismissed because § 1983 false arrest, false imprisonment, and malicious prosecution claims are cognizable under the Fourth Amendment, *not* the Fourteenth Amendment. [15] at 7. However, plaintiff correctly points out that a plaintiff may allege a new legal theory in a response to a motion to dismiss if it is consistent with the complaint. *See* [22] at 1 (citing *Gumino v. First Data Corp.*, No. 16-cv-9419, 2017 WL 1478115, at *3 n.6 (N.D. Ill. Apr. 25, 2017)). And plaintiff argues that "[t]o the extent that changing the theory from a Fourteenth Amendment violation to a Fourth Amendment violation is a new legal theory, it is added now." *Id.* at 1–2. Defendants acknowledge this argument in their reply, but do not respond to it. [25] at 3. Instead, they argue only that Count II should be dismissed as untimely. *Id.* at 3–6.

because he was released from prison on December 22, 2022, he has two years from that date to file his action. *Id.* at 3. Because he filed on February 22, 2023, plaintiff argues his claims are timely.

But the relevant detention in this case is the plaintiff's initial unlawful detention that began when he was arrested on September 5, 2000 and ended when legal process began, which at the very latest was in January 2001. Plaintiff does not provide any reason why the statute of limitations would be reset upon a subsequent conviction and detention. *See generally id.* Accordingly, plaintiff's § 1983 false arrest and false imprisonment claims are dismissed as untimely.

### B. Section 1983 Malicious Prosecution Claim

The accrual date is different for a § 1983 malicious prosecution claim. "[A] Fourth Amendment claim for malicious prosecution accrues when the underlying criminal prosecution is terminated without a conviction." *Smith v. City of Chicago*, No. 19-2725, 2022 WL 2752603, at *1 (7th Cir. July 14, 2022), *amended on denial of reh'g on other grounds*, No. 19-2725, 2022 WL 19572962 (7th Cir. Aug. 4, 2022). Here, plaintiff's initial underlying criminal prosecution was terminated when his conviction was vacated on motion of the State's Attorney on December 21, 2017.

If the statute of limitations began to run on December 21, 2017, then plaintiff's filing, on February 22, 2023, would have been too late. But plaintiff contends that he did not learn that his sentence was vacated until he received a letter from Assistant Public Defender Nancy Widuch saying so on or about May 14, 2021. [1] ¶ 16. Plaintiff argues that the federal discovery rule applies, and so May 14, 2021, is the relevant date and his § 1983 malicious prosecution claim is timely.

Defendants argue that the federal discovery rule does not save plaintiff's claims. "The discovery rule starts the statute of limitations running only when the plaintiff learns that he's been injured, and by whom." *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010). Defendants focus on the point that "[i]t does not matter whether the plaintiff knows the injury is actionable—he need only know that he has been injured." *Kovacs v. United States*, 614 F.3d 666, 674 (7th Cir. 2010) (quoting *Fayoade v. Spratte*, 284 F. App'x 345, 347 (7th Cir. 2008)). But for a federal claim of malicious prosecution, the question of when plaintiff knew that his prior conviction was terminated is relevant for determining when the statute of limitations began to run under the federal discovery rule. *See Walden v. City of Chicago*, 755 F. Supp. 2d 942, 960 (N.D. Ill. 2010).

Ultimately, at this stage of the case, it would be inappropriate to dismiss this claim. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc.*, 559 F.3d at 674. However, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging

5

facts sufficient to establish the complaint's tardiness." *Id.* at 674–75 (citing *Hollander*, 457 F.3d at 691 n.1). Here, plaintiff has not pled himself out of court by alleging facts *sufficient* to establish his § 1983 malicious prosecution claim's tardiness. The court is unable to determine at this stage whether plaintiff knew or should have known that his initial conviction had been vacated before he received a letter from an assistant public defender telling him so.[4] Thus, defendants' motion to dismiss plaintiff's § 1983 claim for malicious prosecution is denied.

### C. Section 1983 Failure to Intervene Claims

Defendants provide two arguments for why plaintiff's failure to intervene claims should be dismissed. First, defendants argue that failure to intervene is a derivative offense, and because the other § 1983 claims are time barred, the failure to intervene claims are time barred too.

But as explained above, the court has denied defendants' motion to dismiss the § 1983 malicious prosecution claim. Thus, there appears to be a predicate claim from which the § 1983 failure to intervene claims could derive, and defendants do not argue that failure to intervene claims cannot derive from § 1983 malicious prosecution claims.

Defendants' second argument is that "Section 1983 failure to intervene claims have no basis in the Constitution." [15] at 14 (first citing *Mwangangi v. Nielson*, 48 F.4th 816, 834 (7th Cir. 2022) (Easterbrook, J., concurring); and then citing *White v. City of Chicago*, No. 18-cv-1404, 2023 WL 2349602, at *11 n.17 (N.D. Ill. March 3, 2023)). But defendants' citations are to a concurrence and then to an unpublished decision of another court in this district. Neither squarely holds that failure-to-intervene claims are not cognizable under § 1983. Even if they did, neither would be binding on this court. And as Judge Easterbrook notes, "[s]everal decisions of" the Seventh Circuit—dating back more than fifty years—"say that police officers and prison guards must intervene when they see their colleagues acting improperly." *Mwangangi*, 48 F.4th at 834 (Easterbrook, J., concurring); *see, e.g.*, *Doxtator v. O'Brien*, 38 F.4th 852, 864–85 (7th Cir. 2022); *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017); *Abdullahi v. Madison*, 423 F.3d 763, 774 (7th Cir. 2005); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477

---

[4] Defendants ask the court to take judicial notice of plaintiff's 2-1401 petition that he filed on January 29, 2020. [15] at 4 n.3. According to the defendants, "Plaintiff should have known at the very latest that his conviction already had been vacated when he filed his 2-1401 Petition on January 29, 2020." [15] at 10. The court disagrees. Even when combined with his complaint, plaintiff's 2-1401 petition does not necessarily require a reasonable trier of fact to conclude that plaintiff should have known that his initial conviction had been vacated. Based on the complaint, it is still possible that plaintiff did not know. In other words, plaintiff's complaint and 2-1401 petition do not contain or "alleg[e] facts *sufficient* to establish the complaint's tardiness." *See Cancer Found., Inc.*, 559 F.3d at 674–75 (emphasis added).

6

(7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972) ("We believe that it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge."). Under binding Seventh Circuit precedent, the court cannot hold that failure to intervene claims are not cognizable under § 1983.

## II. State Claims

Plaintiff also brings claims under Illinois law for false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. [1] ¶¶ 26–35.

Defendants argue that these claims are subject to a different limitations period. Under the Illinois Local Government and Governmental Employees Tort Immunity Act, "[n]o civil action other than an action [arising out of patient care] may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS § 10/8-101(a). Defendants argue that, even if plaintiff's claims accrued on the latest possible date, his claims would be time-barred.

Plaintiff does not address this statute in his response. Instead, he repeats his argument that the statute of limitations "is that which the State provides for personal-injury torts," which, under Illinois law, is two years. [22] at 5 (citing *Wallace*, 549 U.S. at 387). But that statute of limitations applies to *federal* § 1983 claims. It does not apply to all state-law claims. In Illinois, state-law claims against local officials have a different limitations period. *See* 745 ILCS § 10/8-101. Plaintiff has not given the court any reason not to apply this shorter limitations period to a state-law personal-injury tort claim against a local official brought in federal court.

Several different accrual rules apply or may apply to plaintiff's state-law claims. These include (1) "the date of the arrest," which applies to false arrest claims, *Deng v. Sears, Roebuck & Co.*, No. 04-cv-6571, 2006 WL 8461361, at *2 (N.D. Ill. June 23, 2006), (2) the date "when the plaintiff was first imprisoned," which some courts have applied to false imprisonment claims, *Slabon v. Sanchez*, No. 15-cv-8965, 2021 WL 4146909, at *23 (N.D. Ill. Sept. 13, 2021), *aff'd* No. 21-2729, 2023 WL 3451274 (7th Cir. May 15, 2023), (3) the date "when the plaintiff was brought before a judge at the start of legal process," which other courts have applied to false imprisonment claims, *id.* (quoting *Smith v. City of Chicago*, 3 F.4th 332, 337 (7th Cir. 2021), (4) the date "when the underlying criminal proceeding terminates in the plaintiff's favor," which applies to malicious prosecution claims, *Baker v. City of Chicago*, 483 F. Supp. 3d 543, 556–57 (N.D. Ill.

7

2020), and (5) "the date defendants committed the act that allegedly caused the plaintiff's distress," which applies to intentional and negligent infliction of emotional distress claims, *Day v. Conwell*, 244 F. Supp. 2d 961, 964 (N.D. Ill. 2003).

Of these, the latest possible date is the date when the underlying criminal proceeding was terminated, which occurred when plaintiff's conviction was vacated on December 17, 2017. Even crediting plaintiff's claim that he did not know about the favorable termination until May 14, 2021, and even assuming that he could take full advantage of Illinois's discovery rule, *see Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 77–78 (1995), he would have had to file no later than May 16, 2022[5]—approximately nine months before his actual filing date of February 22, 2023.

Because plaintiff's state-law malicious prosecution claim is untimely, and because the other state-law claims have earlier accrual dates, his other state-law claims are untimely *a fortiori*. Thus, the court grants defendants' motion to dismiss plaintiff's state-law claims.

### III.   *Monell* Claim Against CPD Superintendents

Defendants argue that plaintiff's *Monell* claim is untimely because "*Monell* claims brought pursuant to §1983 are 'governed by the accrual rules applicable to other Section 1983 claims.'" [15] at 14 (quoting *Walden*, 755 F. Supp. 2d at 958). Because plaintiff's other § 1983 claims are time barred, defendants argue, so too is plaintiff's *Monell* claim. *Id.* Defendants do not provide any additional arguments in their reply brief. *See* [25] at 7.

But as explained above, it is not possible to rule on the timeliness of plaintiff's § 1983 malicious prosecution claim. Because plaintiff's malicious prosecution claim might not be time barred, it is not possible to rule on whether plaintiff's *Monell* claim is also time barred. *See Walden*, 755 F. Supp. 2d at 958 ("[B]ecause a *Monell* claim is premised on an underlying constitutional violation, the claim can go forward when premised on claims that have been timely filed." (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

Defendants also request that, if the court denies their motion to dismiss the *Monell* claim, the court remove defendant CPD superintendents from the complaint as named parties, [15] at 14 n.5, presumably because "[t]he real party in interest in Plaintiff's *Monell* claim is the City, and not any of the named Superintendents." *Id.* at 14 n.4. But they provide the court with no reason why this alone means that the court should remove the defendant CPD superintendents as parties. The only case

---

[5] May 14, 2022—one year from the latest possible accrual date—was a Saturday, meaning that the limitations period would "continue[] to run" until the following Monday. *See* Fed. R. Civ. P. 6(a)(1)(C).

8

they cite to, *Chortek v. City of Milwaukee*, 356 F.3d 740 (7th Cir. 2004), approves of bringing a suit against an individual in his official capacity, even though the suit is effectively a claim against a city. *See id.* at 748 n.4 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). And the Supreme Court explicitly endorsed this practice in *Kentucky v. Graham*, 473 U.S. at 166. Accordingly, the court denies defendants' request that defendants Cline and Hillard be removed from the complaint as named parties.

## CONCLUSION

For the reasons explained above, defendants' motion to dismiss, [15], is granted in part and denied in part. The motion is granted with respect to the timeliness of plaintiff's § 1983 false arrest and false imprisonment claims, and with respect to the timeliness of all of plaintiff's state-law claims. The motion is denied with respect to the timeliness of plaintiff's § 1983 malicious prosecution claim, plaintiff's § 1983 failure to intervene claims, and plaintiff's *Monell* claim. All claims against Defendant Rodriguez are dismissed. The parties are directed to file a joint status report by October 21, 2024, proposing next steps in light of this ruling.

Dated: September 30, 2024          /s/ Martha M. Pacold

9