IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DESMOND MCCARTY | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 01100 |
| v. | ) | |
| | ) | |
| CPD OFFICER BRODERICK JONES, | ) | The Honorable Martha M. Pacold |
| STAR NO. 17432, CPD OFFICER COREY | ) | District Judge |
| FLAGG, STAR NO. 9386, CPD | ) | |
| SUPERINTENDENT TERRY G. HILLARD, | ) | |
| CPD SUPERINTENDENT MATT L. | ) | The Honorable Jeffrey T. Gilbert |
| RODRIGUEZ, CPD SUPERINTENDENT | ) | Magistrate Judge |
| PHILIP J. CLINE, CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

**DEFENDANT JONES AND FLAGG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, BRODERICK JONES and COREY FLAGG, by and through their attorneys, MOHAN GROBLE SCOLARO, P.C., and for their answer and affirmative defenses to Plaintiff's Complaint, state as follows:

### INTRODUCTION

1. This is an action for money damages, declaratory and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and under the laws of the State of Illinois against Defendant Officers Jones and Flagg, in their individual and official capacities, and Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline of the Chicago Police Department, in their official capacities

**ANSWER: Defendants Jones and Flagg admit that Plaintiff brings claims in this action against Defendants Jones and Flagg, in their individual capacities, but deny that he is alleging**

claims against them in their official capacities. Defendants Jones and Flagg admit Plaintiff is bringing claims against Defendants CPD Superintendent Terry G. Hillard, and CPD Superintendent Philip J. Cline of the Chicago Police Department, in their official capacities, pursuant to 42 U.S.C. §§ 1983 and 1988, but state that Mr. Rodriguez was dismissed from this case. (Dkt. 43). Defendants Jones and Flagg deny that this is an action for declaratory and injunctive relief. Defendants Jones and Flagg further admit that Plaintiff initially brought claims under the State of Illinois against Defendants, but deny that they are still pending as the Court dismissed the state law claims with prejudice. (Dkt. 43). Defendants Jones and Flagg further deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction of Plaintiff's cause of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

**ANSWER: Defendants Jones and Flagg admit that this Court has jurisdiction over this matter, but deny that any wrongful conduct or deprivation of Plaintiff's rights occurred. Defendants deny that the Complaint asserts a cause of action pursuant to the Declaratory Judgment Act. Defendants Jones and Flagg deny that there are any pending state law claims over which the Court could exercise supplemental jurisdiction under 28 U.S.C. § 1367 because the Court dismissed Plaintiff's state law claims. (Dkt. 43).**

3. Venue lies in the United States District Court of the Northern District of Illinois because at least one of the defendants resides in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Chicago, Illinois. 28 U.S.C. §§ 1391(b)(1) and 1392(b)(2).

**ANSWER: Defendants Jones and Flagg admit that venue is proper, but deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint and further deny any deprivation of Plaintiff's rights.**

## PARTIES

4. Plaintiff Desmond McCarty is an adult citizen and resides at 5228 S. Michigan Ave., Chicago, Illinois.

**ANSWER: Upon information and belief, Defendants Jones and Flagg admit that Plaintiff is an adult, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4.**

5. Defendant Officers Jones and Flagg were Police Officers with the Chicago Police Department. They are sued in their individual and official capacities.

**ANSWER: Defendants Jones and Flagg admit they were police officers with the Chicago Police Department and that they are being sued in their individual capacities, but deny that they are being sued in their official capacities.**

6. Defendant Hilliard is a past Superintendent of Police of the Chicago Police Department. He was the Superintendent of Police at the time the incidents in question occurred. He is sued in his official capacity.

**ANSWER: Defendants Jones and Flagg admit Mr. Hillard previously served as the Superintendent of Police of the CPD from approximately February 1998 to April 2003, and**

that he was the superintendent at the time of Plaintiff's arrest. **Defendants Jones and Flagg admit that Plaintiff's complaint purports to sue Mr. Hillard in his official capacity only. Defendants Jones and Flagg deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, deny any deprivation of Plaintiff's rights, and further deny Plaintiff is entitled to any recovery.**

7. Defendant Rodriguez is a past Superintendent of Police of the Chicago Police Department. He was the Superintendent of Police at the time Defendant Flagg was hired. He is sued in his official capacity.

**ANSWER: Upon information and belief, Defendants Jones and Flagg admit that Mr. Rodriguez previously served as the Superintendent of Police of the CPD, but state that Mr. Rodriguez was dismissed from this case. (Dkt. 43).**

8. Defendant Cline is a past Superintendent of Police of the Chicago Police Department. He was the Superintendent of Police during the time Defendant Flagg was engaged in his criminal activities and did nothing about it. He is sued in his official capacity.

**ANSWER**: **Defendants Jones and Flagg admit Mr. Cline served as the Superintendent of Police of the CPD from approximately November 2003 to April 2007, and that Plaintiff's complaint purports to sue Mr. Cline in his official capacity only. Defendants Jones and Flagg deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, deny any deprivation of Plaintiff's rights, and further deny Plaintiff is entitled to any recovery. Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8.**

# BACKGROUND[1]

2. On September 5, 2000, plaintiff, Desmond McCarty was arrested by former CPD Officer Broderick Jones, Star No. 17432 and former CPD Officer Corey Flagg, Star No. 9386 and subsequently charged by indictment in January 2001 with Possession of Controlled Substance with Intent to Deliver in violation of 720 ILCS 570/401(c)(2) in Case No. 01-CR-03234-01.

**ANSWER: Upon information and belief, Defendants Jones and Flagg admit the allegations contained in paragraph 2, but deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint and further deny any deprivation of Plaintiff's rights.**

3. On July 17, 2001, in Case No. 01-CR-03234-01, plaintiff, Desmond McCarty, plead guilty to a lesser included offense and was sentenced that same day by Cook County Circuit Judge James D. Egan to a term of probation.

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.**

4. Subsequently, on December 21, 2003, in Case No. 01-CR-03234-01, plaintiff, Desmond McCarty, was found guilty of a Violation of Probation and was sentenced to four years in the Illinois Department of Corrections by the Honorable James D. Egan.

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.**

5. Unbeknownst to plaintiff, on or about January 26, 2005, former CPD Officer Broderick Jones was federally indicted in the United States District Court, Northern District of

---

[1] Plaintiff's Complaint contains a numbering error in its paragraphs. The initial paragraph starting in the section entitled "Background" should be numbered "9" but instead is identified as a second paragraph "2." To reduce confusion, this Answer will follow the numbering of the paragraphs as set forth in the Complaint.

Illinois, Eastern Division in Case Number 05-CR-70-1 and charged with one count of conspiring to conduct the affairs of the enterprise, namely, the Chicago Police Department, through a pattern of racketeering activity, in violation of 18 U.S.C. Section 1962 (Count One); one count of conspiring to distribute and to possess with intent to distribute controlled substances, namely 5 kilograms or more of mixtures containing cocaine and quantities of marijuana, in violation of 21 U.S.C. Section 846 (Count Two); one count of conspiring to commit robbery and extortion affecting commerce, in violation of 21 U.S.C. Section 1951 (Count Three); three counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. Section 841(a)(1) (Counts Four, Ten and Fourteen); two counts of attempting to possess with intent to distribute controlled substances, in violation of 21 U.S.C. Section 846 (Counts Seven and Twelve); three counts of committing and attempting to commit robbery and extortion affecting commerce, in violation of 18 U.S.C. Section 1951 (Counts Five, Eight and Fifteen); and five counts of possession, using, carrying, and brandishing a firearm in furtherance of drug trafficking crimes and crimes of violence, in violation of 18 U.S.C. Section 924(c) (Counts Six, Nine, Eleven, Thirteen and Sixteen).

**ANSWER: Defendants Jones and Flagg admit that Defendant Jones was charged in a criminal complaint filed on January 26, 2005, in the United States District Court for the Northern District of Illinois, Eastern Division (05-CR-70-1), and subsequently indicted on May 26, 2005. Defendants Jones and Flagg deny that the criminal charges listed in paragraph 5 accurately reflect the charges contained in the January 26, 2005 criminal complaint. Defendants Jones and Flagg admit that a superseding indictment was filed on June 1, 2006, and admit that this paragraph reflects the sixteen counts contained therein. Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or**

**falsity regarding what was known or unknown to Plaintiff. Defendants Jones and Flagg deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, deny any deprivation of Plaintiff's rights, and further deny Plaintiff is entitled to any recovery.**

6. On August 21, 2006, former CPD Officer Broderick Jones entered a written Plea Agreement to Counts One, Two and Sixteen.

**ANSWER: Admitted. Defendants Jones and Flagg deny, however, engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint. Defendants Jones and Flagg further deny any deprivation of Plaintiff's rights, and deny Plaintiff is entitled to any recovery.**

7. On or about January 26, 2005, former CPD Officer Corey Flagg was federally indicted in the United States District Court, Northern District of Illinois, Eastern Division in Case Number 05-CR-70-2 and subsequently plead guilty to one count of conspiracy to distribute and to possess with the intent to distribute controlled substances, namely 5 kilograms or more of mixtures containing cocaine and quantities of marijuana, in violation of Title 21, U.S.C. Section 846, and one count of possessing, using, carrying, and brandishing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. Section 924(c)(1)(A).

**ANSWER: Defendants Jones and Flagg admit that Defendant Flagg was charged in a criminal complaint filed on January 26, 2005, in the United States District Court for the Northern District of Illinois, Eastern Division (05-CR-70-2), and subsequently indicted on May 26, 2005. Defendants Jones and Flagg admit that Defendant Flagg entered into a plea agreement filed on June 7, 2006, in which he entered a voluntary guilty plea to Counts One and Three of the indictment filed on May 26, 2005, in Case No. 05-CR-70-2. Defendants Jones**

7

**and Flagg deny, however, engaging in the wrongful conduct involving Plaintiff as alleged against Defendant Officers in this Complaint. Defendants Jones and Flagg further deny any deprivation of Plaintiff's rights, and deny Plaintiff is entitled to any recovery.**

8. Former CPD Officer Jones and former CPD Officer Flagg participated in a persistent pattern of police misconduct from 1991 to 2005 terrorizing entire neighborhoods with threats that included planting drugs and/or weapons on individuals to have them arrested if they did not receive cash or tips to further their criminal enterprise.

**ANSWER: Defendants Jones and Flagg deny the allegations as contained in paragraph 8. Defendants Jones and Flagg admit they pled guilty in 05-CR-70-01 and 05-CR-70-02, respectively. Defendants Jones and Flagg deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, deny any deprivation of Plaintiff's rights, and further deny Plaintiff is entitled to any recovery.**

9. Plaintiff, Desmond McCarty, was a victim of former CPD Officer Jones' and former CPD Officer Flagg's misconduct when he was arrested on September 5, 2000 and subsequently convicted for a crime he did not commit in Case No. 01-CR-03234-01.

**ANSWER: Defendants Jones and Flagg admit that Plaintiff was arrested on September 5, 2000 and was subsequently convicted of a drug crime, but deny the remaining allegations contained in paragraph 9. Defendants Jones and Flagg deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, deny any deprivation of Plaintiff's rights, and further deny Plaintiff is entitled to any recovery.**

10. On December 21, 2017, upon motion of the Cook County State's Attorney Conviction Integrity Unit, plaintiff Demond McCarty's conviction and sentence in case number 01-CR-3234-01 were vacated and the charge was *nolle prosequi*. All charges were dismissed.

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10.**

11. On August 4, 2011, plaintiff, Demond McCarty was charged in Case No. 11-CR#12572-01, by information with two counts of Unlawful Use or Possession of a Weapon by a Felon in violation of 720 ILCS 5/24-1.1(a), two counts of Aggravated Unlawful Use of a Weapon in violation of 720 ILCS 5/24-16(a)(1) and two counts of Aggravated Unlawful Use of a Weapon in violation of 720 ILCS 5/24-1.6(a)(2).

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11.**

12. The predicate offense and only available predicate offense for the charges Case No. 11-CR-12572-01 is plaintiff's conviction in Case No. 01-CR-03234-01.

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12.**

13. On August 26, 2011, plaintiff was convicted of one count of Unlawful Use or Possession of a Weapon by a Felon, pursuant to 720 ILCS 5/24-1.1(a). He received a sentence of three years in the Illinois Department of Corrections.

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13.**

14. On June 1, 2016, in this case, Case No. 14-CR-08012-01, plaintiff was convicted of Count 1, for the offense of Armed Habitual Criminal in violation of 720 ILCS 5/24-1.1(a), predicated upon Case No. 01-CR-03234-01 and 11-CR-12572-01 and Count 2, for the offense of Unlawful Use or Possession of a Weapon By a Felon in violation of 720 ILCS 5/24-1.1 (a),

predicated upon case number 11-CR-12572-01 and sentenced to 12 years Illinois Department of Corrections on Count 1. Count 2 merged with Count 1.

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.**

15. With dismissal of all charges related to Case No. 01-CR-03234-01, the predicate offense for plaintiff's Armed Habitual Criminal conviction in the subsequent matter no longer existed and therefore plaintiff's conviction and sentence was vacated on December 21, 2017.

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15.**

16. Despite the fact that plaintiff's conviction in 01-CR-032340-01 was vacated on December 21, 2017, the plaintiff did not learn of it until he was notified of it in a letter from Assistant Public Defender Nancy Widuch dated May 13, 2021.

**ANSWER: Defendants Jones and Flagg lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16.**

17. At all relevant times, Defendants were acting under color of law and under color of authority as an employee, agent or servant of the Chicago Police Department. As a direct and proximate result of the acts of Defendants, acts that violated clearly established and well-settled Illinois and federal constitutional and statutory rights, the plaintiff suffered the following injuries and damages:

**ANSWER: Defendants Jones and Flagg admit that they were acting under color of law and within the scope of their employment as Chicago Police Officers, but lack knowledge or information sufficient to form a belief as to the truth or falsity of whether the other Defendants were acting under color of law or within their employment as agents of the**

**Chicago Police Department during the relevant time period. Defendants Jones and Flagg deny the remaining allegations contained in paragraph 17. Defendants Jones and Flagg deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, deny any deprivation of Plaintiff's rights, and further deny Plaintiff is entitled to any recovery.**

## COUNT I

*42 U.S.C. § 1983 Against Defendants Jones and Flagg*

18. Plaintiff re-alleges and incorporates by reference ¶¶ 1-17.

**ANSWER: Defendants Jones and Flagg re-allege and re-incorporate their answers to each prior paragraph of Plaintiff's Complaint as if stated fully herein.**

19. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendants Jones and Flagg for violation of Plaintiff's constitutional. rights under color of law and/or color of authority when he violated his constitutional right under the Fourth Amendment of the Constitution of the United States of America to be free from unreasonable search and seizure when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, then planted drugs on him.

**ANSWER: The Court dismissed Plaintiff's § 1983 false arrest and false imprisonment claims so Defendants Jones and Flagg make no answer to those portions of COUNT I of the Complaint. Defendants Jones and Flagg deny the remaining allegations contained in paragraph 19. Defendants Jones and Flagg deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, deny any deprivation of Plaintiff's rights, and further deny Plaintiff is entitled to any recovery.**

11

## COUNT II

*42 U.S.C. §1983 Against Defendants Jones and Flagg*

20. Plaintiff re-alleges and incorporates by reference ¶ ¶ 1-19.

**ANSWER: Defendants Jones and Flagg re-allege and re-incorporate their answers to each prior paragraph of Plaintiff's Complaint as if stated fully herein.**

21. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Jones and Flagg for violation of Plaintiff's constitutional rights under color of law and/or color of authority when they violated his constitutional right under the Fourteenth Amendment of the Constitution of the United States of America to be free from wrongful arrest, false imprisonment and malicious prosecution without due process when Defendants Jones and Flagg arrested him on September 5, 2000 without probable cause, planted drugs on him, took him into custody, and then prosecuted him for possession of a controlled substance.

**ANSWER: The Court dismissed Plaintiff's § 1983 false arrest and false imprisonment claims so Defendants Jones and Flagg make no answer to those portions of COUNT II of the Complaint. Defendants Jones and Flagg deny the remaining allegations contained in paragraph 21. Defendants Jones and Flagg deny engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, deny any deprivation of Plaintiff's rights, and further deny Plaintiff is entitled to any recovery.**

## COUNT III

*Failure to Intervene Against Defendant Jones*

**Defendant Flagg makes no answer to this COUNT III of the Complaint as this Count is not directed at this Defendant. To the extent any such allegations are directed to this Defendant, they are denied.**

22. Plaintiff re-alleges and incorporates by reference ¶ ¶ 1-21.

**ANSWER: Defendant Jones re-alleges and re-incorporates his answers to each prior paragraph of Plaintiff's Complaint as if stated fully herein.**

23. Plaintiff claims damages for the injuries set forth above against Defendant *Jones* for failing to intervene when Defendant Flagg arrested him on September 5, 2000 without probable cause, planted drugs on him, then prosecuted him for possession of a controlled substance.

**ANSWER: Defendant Jones denies the allegations contained in paragraph 23. Defendant Jones denies engaging in the wrongful conduct involving Plaintiff as alleged against Defendants in this Complaint, denies any deprivation of Plaintiff's rights, and further denies Plaintiff is entitled to any recovery.**

## COUNT IV

### *Failure to Intervene Against Defendant Flagg*

**Defendant Jones makes no answer to this COUNT IV of the Complaint as this Count is not directed at this Defendant. To the extent any such allegations are directed to this Defendant, they are denied.**

24. Plaintiff re-alleges and incorporates by reference ¶ ¶ 1-23.

**ANSWER: Defendant Flagg re-alleges and re-incorporates his answers to each prior paragraph of Plaintiff's Complaint as if stated fully herein.**

25. Plaintiff claims damages for the injuries set forth above against Defendant Flagg for failing to intervene when Defendant *Jones* arrested him on September 5, 2000 without probable cause, planted drugs on him, then prosecuted him for possession of a controlled substance.

**ANSWER: Defendant Flagg denies the allegations contained in paragraph 25. Defendant Flagg denies engaging in the wrongful conduct involving Plaintiff as alleged against Defendant in this Complaint, denies any deprivation of Plaintiff's rights, and further denies Plaintiff is entitled to any recovery.**

## COUNT V

*False Arrest Against Defendants Jones and Flagg*

**The Court Dismissed Plaintiff's state law claims in its September 30, 2024 Memorandum Opinion and Order. (Dkt. 43). Therefore, Defendants Jones and Flagg make no answer to this COUNT V of the Complaint as this Count has been dismissed. To the extent any such allegations are directed to Defendants Jones and Flagg, they are denied.**

## COUNT VI

*False Imprisonment Against Defendants Jones and Flagg*

**The Court Dismissed Plaintiff's state law claims in its September 30, 2024 Memorandum Opinion and Order. (Dkt. 43). Therefore, Defendants Jones and Flagg make no answer to this COUNT VI of the Complaint as this Count has been dismissed. To the extent any such allegations are directed to Defendants Jones and Flagg, they are denied.**

## COUNT VII

*Malicious Prosecution Against Defendants Jones and Flagg*

**The Court Dismissed Plaintiff's state law claims in its September 30, 2024 Memorandum Opinion and Order. (Dkt. 43). Therefore, Defendants Jones and Flagg make no answer to this COUNT VII of the Complaint as this Count has been dismissed. To the extent any such allegations are directed to Defendants Jones and Flagg, they are denied.**

## COUNT VIII

*Intentional Infliction of Emotional Distress*

**The Court Dismissed Plaintiff's state law claims in its September 30, 2024 Memorandum Opinion and Order. (Dkt. 43). Therefore, Defendants Jones and Flagg make no answer to this COUNT VIII of the Complaint as this Count has been dismissed. To the extent any such allegations are directed to Defendants Jones and Flagg, they are denied.**

## COUNT IX

*Negligent Infliction of Emotional Distress*

**The Court Dismissed Plaintiff's state law claims in its September 30, 2024 Memorandum Opinion and Order. (Dkt. 43). Therefore, Defendants Jones and Flagg make no answer to this COUNT IX of the Complaint as this Count has been dismissed. To the extent any such allegations are directed to Defendants Jones and Flagg, they are denied.**

## COUNT X

*Monell Claim Against Defendants CPD Superintendent Terry G. Hillard, CPD Superintendent Matt L. Rodriguez and CPD Superintendent Philip J. Cline*

**Defendants Jones and Flagg make no answer to this COUNT X of the Complaint as this Count is not directed at these Defendants. To the extent any such allegations are directed to these Defendants, they are denied.**

WHEREFORE, for the foregoing reasons, Defendants, BRODERICK JONES and COREY FLAGG, respectfully request that this Court enter judgment in their favor and against Plaintiff, to assess costs and for any further relief this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Without waiver of any of the denials in the above paragraphs, Defendants, BRODERICK JONES and COREY FLAGG, by and through their attorneys, MOHAN GROBLE SCOLARO, P.C., assert the following Affirmative Defenses to Plaintiff's Complaint:

1. At all relevant times, Defendants Jones and Flagg were government officials, namely police officers, who performed discretionary functions. At the time of the Plaintiff's September 5, 2000 arrest referenced in the Complaint, Defendants Jones and Flagg were on-duty members of the Chicago Police Department who were executing and enforcing the law. At all times material to the events alleged in Plaintiff's Complaint, reasonable police officers, objectively viewing facts and circumstances then confronting Defendants Jones and Flagg during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and lawful, in light of clearly established law and the information the officers possessed at the time and were within the constitutional limits that were clearly established at the time. Defendants Jones and Flagg, therefore, are entitled to qualified immunity.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred by the doctrines of *res judicata*, judicial estoppel and/or collateral estoppel.

4. Defendants Jones and Broderick cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless they individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

5. To the extent Plaintiff seeks to impose liability based on testimony given by Defendants Jones or Flagg, if any was in fact given by them, Defendants Jones and Flagg are absolutely immune from liability. *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113 (1983).

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

7. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, including his criminal misconduct, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages.

8. Defendants Jones and Flagg would be entitled to a set-off for any and all amounts Plaintiff recovered for the same injuries and damages being claimed in this lawsuit, including but not limited to amounts received from the Illinois Court of Claims.

9. Counts III and IV of Plaintiff's Complaint fail to state viable claims upon which relief may be granted and should be dismissed with prejudice. The failure to intervene theory

asserted in Counts III and IV invokes the concept of vicarious liability, and "§1983 supports only direct, and not vicarious, liability." *Mwangangi v. Nielsen*, 48 F.4th 816, 834-35 (7th Cir. 2022) (Easterbrook, J., concurring).

## JURY DEMAND

Defendants, BRODERICK JONES and COREY FLAGG, demand a trial by jury.

Respectfully submitted,

DEFENDANTS, BRODERICK JONES AND COREY FLAGG

BY:     *s/Larry S. Kowalczyk*
         Special Assistant Corporation Counsel

Larry S. Kowalczyk- Special Assistant Corporation Counsel
Megan K. Monaghan Special Assistant Corporation Counsel
MOHAN GROBLE SCOLARO, P.C.
55 West Monroe Street, Suite 1600
Chicago, IL 60603
(312) 422-5888
Email:  lkowalczyk@mohangroble.com
Email:  mmonaghan@mohangroble.com
*Counsel for Defendants Jones and Flagg*

## CERTIFICATE OF SERVICE

I, Larry S. Kowalczyk, an attorney, hereby certify that on December 4, 2024, I have filed the foregoing, **DEFENDANT JONES AND FLAGG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT,** with the Court's electronic filing system, which will cause a copy to be served upon every attorney of record.

*/s/ Larry S. Kowalczyk*
Larry S. Kowalczyk